UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KALIEKE HARRIS, 14003190,

                Plaintiff,

       -against-

MICHAEL SPOSATO,

                Defendant.
----------------------------------------------------------------X

OPINION & ORDER
15-CV-00396 (SJF)(AYS)

FILED
CLERK

4/14/2015 3:52 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On January 20, 2015, incarcerated *pro se* plaintiff Kalieke Harris ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Sheriff Michael Sposato ("defendant" or "Sposato") [Docket Entry No. 1 ("Complaint" or "Compl.")], accompanied by an application to proceed *in forma pauperis*. [Docket Entry No. 2].

Upon review of the declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons that follow, the Complaint is *sua sponte* dismissed for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

I.     Background[1]

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this Order. *See*, *e.g.*, *Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

1

Plaintiff's Complaint, submitted on the Court's Section 1983 form, alleges the following in its entirety:[2]

> On December 9, 2014 during lunch feeding I was talking to another inmate when they shook the gates for us to lock in. I ran to catch my gate because we have about 30 seconds to catch it. I slipped on a puddle on the bottom tier. The puddle came from a leak in the ceiling. I landed on my back and hit my elbow on a stool. My back and elbow was [sic] in serious pain and I couldn't get up on my own. C.O. Merchant badge # 2505 and C.O. Santiago badge # 2357 was talking [sic] to while waiting for medical to come. C.O. Merchant filled out the injury report. After a while medical staff arrived and helped me into a wheelchair. They took me to medical and they examined my back and elbow. After they gave me medication and sent me back to my housing area.

Compl. ¶ IV. Plaintiff claims to suffer "severe back pains" when he is sleeping, standing up and sitting down, and requests an MRI exam and physical therapy. *Id*. ¶ IV.A. For relief, plaintiff seeks to recover unspecified monetary damages for his "pain and suffering." *Id*. ¶ V.

II. Discussion

    A.    *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

    B.    Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be

---

[2] Excerpts from plaintiff's Complaint are reproduced here exactly as they appear in the Complaint.

granted or seeks monetary relief from a defendant who is immune from such relief. It is axiomatic that district courts are required to read a *pro se* complaint liberally (*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations omitted)), and construe it "to raise the strongest arguments" suggested. *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotations and citation omitted); *see also Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility

that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

1. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *See*, *e.g.*, *Filarsky v. Delia*, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). To state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted); *see also Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

Moreover, in order to state a claim for relief under Section 1983, plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective

action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

Although plaintiff names Nassau County Sheriff Michael Sposato as the sole defendant, plaintiff does not allege any conduct or inaction attributable to him; apart from the caption, Sheriff Sposato is not mentioned in the Complaint. Plaintiff apparently seeks to impose liability on Sheriff Sposato solely because of the supervisory position he holds. As set forth above, a plausible Section 1983 claim requires allegations of personal involvement of the defendant in the constitutional deprivation claimed by plaintiff. *See supra* at 4-5. A plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. *See Rivera v. Fischer*, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009); *see also Warren v. Goord*, 476 F. Supp. 2d 407, 413 (S.D.N.Y. 2007), *aff'd*, 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no *respondeat superior* liability under Section 1983. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). Despite a liberal reading, plaintiff has not alleged a

5

plausible Section 1983 claim against Sheriff Sposato. Accordingly, the Complaint is *sua sponte* dismissed for failure to state a claim for relief 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

    C.    Leave to Amend

A district court should not dismiss a *pro se* complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Here, even if plaintiff had named a defendant personally involved in the challenged conduct, plaintiff's claim does not rise to the level of a constitutional deprivation as plaintiff's claim that he slipped on water on the floor and fell amounts to, at best, a negligence claim. *See Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (negligence claims do not rise to the level of a constitutional violation); *Nunez v. Sposato*, No. 12-civ-3919, 2012 WL 3619501, *3 (E.D.N.Y. Aug. 17, 2012) ("[I]t is clear that [plaintiff's] claim does not implicate a constitutional deprivation [since] [p]laintiff claims nothing more than that he slipped on water on the floor in the shower and fell"); *Carr v. Canty*, No. 10-civ-3829, 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011) ("[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [ ] alleges that the individual defendants had notice of the wet condition but failed to address it") (internal quotation marks and citation omitted)); *Jennings v. Horn*, No. 05-civ-9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); *Powers v. Gipson*, No. 04-civ-6883L, 2004 WL 2123490, at *2 (W.D.N.Y. Sept. 14, 2004) (*sua sponte* dismissing *in forma pauperis* complaint pursuant to 28 U .S.C. §§

1915(e)(2)(B) and 1915A, explaining that "[t]he claim that defendants were negligent in failing to clean up the water that caused plaintiff to slip, without more, fails to provide him with a basis for a federal claim, since mere negligence on the part of state officials is not actionable under § 1983"); *Nauden v. Maha*, No. 04-civ-0171SC, 2004 WL 1145916, *1 (W.D.N.Y. Apr. 7, 2004) (*sua sponte* dismissing *in forma pauperis* complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because "[i]t is abundantly clear to the Court that plaintiff is alleging nothing more than a claim of negligence against the defendants for their alleged creation of a dangerous condition which caused him to slip and fall."). Accordingly, because the deficiency in plaintiff's claim is substantive and would not be cured in an amended complaint, leave to amend the Complaint is denied.

Having dismissed plaintiff's federal claim, the Court declines to assert supplemental jurisdiction over plaintiff's state law negligence claim; plaintiff may pursue such claim in state court. *See Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Nauden*, 2004 WL 1145916, at *1 ("Plaintiff's avenue for relief for his claims of negligence is state court, not a claim in federal court under 42 U.S.C. § 1983").

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the Complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). The Clerk of the Court shall, pursuant to Rule 77(d)(1)

7

of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

                                                              s/ Sandra J. Feuerstein\_\_\_\_\_
                                                              Sandra J. Feuerstein
                                                              United States District Judge

Dated:        April 14, 2015
                Central Islip, New York